# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 C 5965 |
| ) | |
| ANTONIO LOPEZ-POPOCA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Antonio Lopez-Popoca has moved the Court pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence for conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846. In a previous decision, the Court denied the motion in part and ordered the government to submit additional materials in support of its position. *United States v. Lopez-Popoca*, No. 10 C 5965, 2012 WL 1247112 (N.D. Ill. Apr. 12, 2012). The Court also allowed Lopez-Popoca to file a response to the government's supplemental submission. In addition to this response, Lopez-Popoca has filed a motion under Federal Rule of Civil Procedure 59(e) asking the Court to reconsider its decision. For the reasons stated below, the Court denies Lopez-Popoca's motion to reconsider and denies the remainder of his § 2255 motion.

## Discussion

The Court assumes familiarity with its prior decision.

1.  **Motion to reconsider**

Lopez-Popoca has moved the Court under Rule 59(e) to reconsider portions of its previous decision. "Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

Lopez-Popoca contends first that he made post-arrest statements without the benefit of counsel or *Miranda* warnings and that the statements were "used to enhance his federal sentence therefore violating U.S.S.G. § 1B1.8." Mot. to Reconsider at 2. He also appears to suggest that the government or the Court relied on statements he made during plea discussions while calculating his sentence. *See id.* Lopez-Popoca did not make this argument in his initial motion, and "any arguments . . . raised for the first time in [a] motion to reconsider are waived." *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009). This contention thus cannot provide a basis for reconsideration.

Lopez-Popoca contends next that two Supreme Court decisions constitute a change in the law sufficient to allow him to reassert his claims that his attorney failed to secure an interpreter for their meetings, failed to provide him with certain discovery material, and misrepresented the maximum sentence that he might receive. Both cases were decided before this Court issued its decision in Lopez-Popoca's case, and thus they cannot constitute a change in the law. Indeed, the Court cited one of the cases in its decision. *Lopez-Popoca*, 2012 WL 1247112, at *3 (citing *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012)). Moreover, neither case supports his claim. In

one case, the Supreme Court considered how to apply the standard for ineffective assistance of counsel when the "assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012). In the other, the Court determined that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408.

Contrary to Lopez-Popoca's assertion that these cases newly established "a constitutionally protected sixth amendment right to counsel during all pre-trial proceedings," Mot. to Reconsider at 3, the Supreme Court recognized that "the right to the effective assistance of counsel [during] certain steps before trial" was already "well settled." *Frye*, 132 S. Ct. at 1405. In its previous decision in this case, this Court recognized that as well, and it applied the settled standard to Lopez-Popoca's case. *Lopez-Popoca*, 2012 WL 1247112, at *3 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("In the context of a guilty plea, the prejudice requirement is satisfied if the defendant shows 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'")). The Court dealt with Lopez-Popoca's claims under this standard in its previous decision, and there has been no change in the law governing them. Lopez-Popoca's arguments for reconsideration on this basis are thus unavailing.

Lopez-Popoca contends next that his counsel should have "quoted U.S.S.G. § 1B1.3(a)(2), and requested to the court that the government must meet their burden of proof which is two-fold as required by Seventh Circuit precedents, in reference to unconvicted activities bore [sic] the necessary relation to the convicted offense"

because this might have affected Judge Hibbler's (the sentencing judge) finding as to the drug quantity at issue. Mot. to Reconsider at 4. Lopez-Popoca made this precise argument in his previous motion, and the Court found that he had not indicated "a reasonable probability that an objection would have resulted in a different quantity finding or a different sentence" because the quantity was "based on the facts that Lopez-Popoca himself adopted in his plea agreement and again during his plea colloquy." *Lopez-Popoca*, 2012 WL 1247112, at *7. Lopez-Popoca's motion to reconsider contains nothing to indicate that the Court should come to a different conclusion here.

Lopez-Popoca also argues that his counsel was ineffective "for failing to adequately investigate and present controlling case law in reference to him receiving a downward departure in light of his deportable alien status." Mot. to Reconsider at 5. In his previous motion, he argued that his counsel was ineffective for failing to apprise Judge Hibbler of the "mitigating factor" of his impending deportation. This Court found that this failure, if it occurred, could not provide a basis for relief because Judge Hibbler "was indisputably aware of Lopez-Popoca's status and the likely consequences of sentencing: he imposed as a supervised release condition that Lopez-Popoca was to be surrendered to the immigration authorities." *Lopez-Popoca*, 2012 WL 1247112, at *7. To the extent that Lopez-Popoca's reference in the motion to reconsider to "controlling case law" is intended to distinguish his claim from the one the Court previously denied, the claim is forfeited because he did not raise it in his original motion.

For these reasons, the Court denies Lopez-Popoca's motion to reconsider its

previous decision.

**2.    Supplemental submissions**

In its previous decision, the Court did not rule on the merits of Lopez-Popoca's claim that his "attorney provided ineffective assistance by failing to file a motion to suppress the statements that Lopez-Popoca made to law enforcement after his arrest." *Id.* at *9.  Lopez-Popoca had submitted an affidavit in which he stated that his statements were involuntary, coerced, and made without the benefit of counsel.  He also asserted that he was prejudiced by his attorney's failure to file a motion to suppress the statements because the transcripts of his plea and sentencing hearings indicated that the government had relied on these statements in making the case against him.  Although the government suggested that it had "overwhelming" evidence against Lopez-Popoca even without the statements, the Court was unable to determine whether a motion to suppress might have altered Lopez-Popoca's decision to plead guilty.  The Court therefore requested supplemental submissions on the issue of whether "sufficient evidence existed beyond Lopez-Popoca's post-arrest statements to make even a successful motion to suppress immaterial."  *Id.*

The government has provided a description of the evidence in its possession before Lopez-Popoca made the statements at issue.  According to the government, this evidence included "recorded conversations with defendant," "cooperating witnesses who identified defendant as a substantial narcotics dealer," "surveillance of the defendant meeting with cooperating witnesses," and "the seizure of five kilograms of cocaine and two kilograms of heroin in defendant's presence from a location where he was meeting with the cooperating witnesses."  Gov't Supp. Resp. at 1.

In his reply, Lopez-Popoca does not challenge the government's account, nor does he attempt to establish, as he must, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). He therefore cannot obtain relief based on the claim on which the Court ordered additional submissions. Instead, Lopez-Popoca only repeats his allegations that his post-arrest statements were involuntary or coerced and that "actual prejudice occurred" because "the government relied upon [the] statements to support a drug quantity of Offense Level 36." Def.'s Supp. Reply at 1-2. To the extent that Lopez-Popoca is asserting that the failure to file a motion to suppress prejudiced him when Judge Hibbler calculated his sentence, this contention is also unavailing in light of the large amount of evidence that existed even absent the statements. *See United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (attorney's choice not to file motion to suppress inculpatory statements "because it would have made little difference considering the overwhelming evidence . . . fall[s] squarely within the realm of strategic choice").

## Conclusion

For the reasons stated above, the Court denies Lopez-Popoca's motion for reconsideration and the remainder of his § 2255 motion [docket nos. 1 and 25]. The Clerk is directed to enter judgment in favor of the United States and against Lopez-Popoca.

```
                                          _____
                                          MATTHEW F. KENNELLY
                                          United States District Judge
```

Date: August 22, 2012